**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**TICO JACQUES SMITH,**

      **Petitioner,**

**v.**                             **Civil Action No. 2:13cv79**
                                        **(Judge Bailey)**

**TERRY O'BRIEN, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On November 19, 2013, Tico Jacques Smith ("Smith"), the *pro se* petitioner, then-incarcerated[1] at USP Hazelton in Bruceton Mills, West Virginia, initiated this case by filing a petition pursuant to 28 U.S.C. §2241, along with a motion to proceed *in forma pauperis* ("IFP") and supporting documents. On November 20, 2013, petitioner was granted IFP status but directed to pay the $5.00 filing fee. On December 18, 2013, petitioner paid the requisite fee.

This matter, which is before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §1915 and LR PL 2, is ripe for review.

## I. Factual and Procedural History

During the early morning hours of February 5, 2010, while patrolling in an area in Fayette County, Kentucky known for drug trafficking, an officer noticed that he had passed an unfamiliar Buick Regal several times in brief succession and decided to investigate further. He began to follow the vehicle and noticed that the driver was not wearing a seatbelt so he initiated a traffic stop at 1:29 a.m. He signaled two nearby officers, who arrived at approximately 1:31 a.m. and 1:32 a.m.

After initiating the stop, the officer noticed that in addition to the four adults in the vehicle, there was an unrestrained child in the back seat. Upon review of the passengers' identification, the officer recognized the front passenger as Tico Smith, because he had previously arrested him.

---

[1] Petitioner was released from federal custody on or about April 7, 2014. <u>See</u>: Dkt.# 9. He is now serving a 3-year term of supervised release.

A moment later, one of the other officers, shining his flashlight back into the car, saw a marijuana cigarette in plain view in the console area of the car. The officers then asked the driver and passengers to exit the vehicle, separated them and began questioning Smith. Upon getting out of the vehicle, Smith began making gestures with his hand along his front waistband. When the officers told him to stop and keep his hands away from his waist, Smith claimed to be reaching for his cell phone. After another such gesture, the officers reached to secure Smith, and asked him if he had any weapons. Smith admitted to having a firearm. He was immediately restrained; the firearm was located under his shirt and he was disarmed. After it was confirmed that he was a felon, he was arrested.[2]

On May 10, 2010, Smith was charged in a two-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), and knowingly possessing a stolen firearm, in violation of 18 U.S.C. §922(j). Smith moved to suppress all evidence seized during the traffic stop that led to his arrest. The government responded; the matter was fully briefed and a suppression hearing was held on July 23, 2010. On July 28, 2010, the district court denied the motion. On August 2, 2010, pursuant to a plea agreement, Smith pled guilty to Count One, the §922(g)(1) offense, and the district court granted the prosecution's motion to dismiss the remaining §922(j) charge. On October 22, 2010, Smith was sentenced to 51 months in prison.

Petitioner timely appealed, challenging the district court's denial of his motion to suppress, arguing that the district court clearly erred by finding that a police officer's testimony concerning the details of the traffic stop was more credible than the testimony of his witnesses; the traffic stop was illegal because the primary motivation for it was race; and the police unreasonably extended the duration of the traffic stop and searched him without reasonable suspicion that he was armed and dangerous. On December 13, 2011, the Sixth Circuit Court of Appeals issued an opinion affirming

---

[2] The facts and circumstances of petitioner's underlying criminal conviction are taken from his criminal docket with the Eastern District of Kentucky, and the 6th Circuit Court of Appeal's opinion denying his appeal. See: No. 5:10cr56 (E.D. Ky.) and No. 10-6367 (6th Cir. 2011).

the district court's judgment.[3]  On May 11, 2012, Smith petitioned the United States Supreme Court for a writ of *certiorari.*  It was denied on June 18, 2012.[4]

Petitioner did not file a Motion to Vacate pursuant to 28 U.S.C. §2255.

## II. Claims Raised by the Petitioner

Petitioner attacks the validity of his conviction and sentence, asserting that the illegal traffic stop and search he was subjected to, and the subsequent denial of his motion to suppress by the District Court and the Sixth Circuit Court of Appeals denied him his due process and equal protection rights.

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that submitting a §2255 motion in the sentencing court would be futile, because the judge there is "clearly biased" toward him, violated his constitutional rights to due process and equal protection, and permitted officers of the law to do the same, thereby perpetrating fraud upon the court, in order to secure petitioner's conviction.

As relief, petitioner requests discovery; an evidentiary hearing; suppression of all evidence recovered from the traffic stop incident to his arrest, including any evidence recovered from his person; reversal of the Eastern District of Kentucky and Sixth Circuit Court of Appeals Orders' denying his Motion to Suppress, and immediate release from prison.  (Dkt.# 1 at 8).

## III. Analysis

Petitioner argues that he is entitled to relief under § 2241 because § 2255 is an inadequate or ineffective remedy.

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's

---

[3] (E.D. Ky. Dkt.# 54)(No. 10-6367).

[4] (E.D. Ky. Dkt.# 57)(5:10cr56).

commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[8]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, is challenging the legality of his convictions and the imposition of his sentence. In particular, he is alleging that multiple constitutional violations were committed by various actors in both his underlying criminal prosecution and appeal, rendering his detention unconstitutional.

Although the petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §922(g)(1) remain criminal offenses, and therefore the petitioner

---

[8] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

cannot satisfy the second element of <u>Jones</u>. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Further, even assuming petitioner's claim was not procedurally barred as having previously been repeatedly litigated, which it is; and was timely, which it is not,[5] because petitioner was not sentenced in this District, this Court is also without jurisdiction to decide his claims.[6]  Assuming that petitioner had properly filed this case in the correct venue, because he did not first obtain authorization to file a successive federal habeas petition from the Sixth Circuit Court of Appeals, that court would likewise be without authority to hear this case.[7]

Moreover, to the extent that petitioner is attempting to relitigate his Fourth Amendment claim, he cannot do so now. When a prisoner has had a "full and fair" opportunity to litigate a Fourth Amendment claim, habeas corpus relief may not be granted on that claim. <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976). Once the district court has inquired into whether the petitioner had an opportunity to raise a Fourth Amendment claim, "it need not inquire further into the merits of the case . . .unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." <u>Doleman v. Muncy</u>, 579 F.2d 1258, 1265 (4th Cir. 1978). Here, petitioner, through counsel, filed a motion to suppress. The matter was fully briefed in the Eastern District of Kentucky, and District Judge Karl S. Forester held a full evidentiary hearing on the motion before issuing an Opinion and Order. Petitioner then challenged the denial on

---

[5] Petitioner is well outside of the one year statute of limitations for timely filing a §2255 motion, prescribed by 28 U.S.C. §2255(3).

[6] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

[7] Pursuant to 28 U.S.C. §2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

direct appeal, where the Sixth Circuit affirmed the district court's judgment.[8] Based upon a review of the record, the undersigned finds that Petitioner was given a "full and fair opportunity" to litigate his Fourth Amendment claim.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

Within **fourteen (14) days** after being served with a copy of this recommendation, **or by October 8, 2014,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 24, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[8] (E.D. Ky. Dkt.# 54)(5:10cr56).